# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAFIQ S. LAKHANI, et al.,<br><br>    Defendants. | Case No.  1:17-cv-00056-LJO-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(ECF No. 10) |

On March 21, 2017, Plaintiff filed a motion for entry of default judgment in this action. Upon review of the motion, the Court finds it to be deficient.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum certain or a sum that can be made certain by computation, a party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d

1261, 1267 (9th Cir. 1992).

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors ("Eitel factors") for courts to consider in exercising their discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

The moving party should address the Eitel factors in any motion for entry of default judgment. In addition, in determining whether default judgment should be granted, the Court must consider, and the moving party should address, whether this Court has jurisdiction, whether Plaintiff has standing to bring the claims in this action, and the sufficiency of service of process. The current motion for entry of default judgment does not address all areas which the Court needs to consider in determining if default judgment should be entered.

The Court shall require Plaintiff to file an amended motion for entry of default judgment to correct the deficiencies in the current motion. In the amended motion, Plaintiff shall address any relevant jurisdictional, standing, or service issues, and the Eitel factors. Specifically, Plaintiff is required to address the sufficiency of the complaint as to each claim for relief on which he seeks entry of default judgment.

The amended motion for entry of default judgment will supersede the currently filed motion and the Court will only consider the amended motion for entry of default judgment in deciding whether entry of default judgment should be granted.

///

///

///

///

1    Accordingly, IT IS HEREBY ORDERED that, within five (5) days from the entry of this
2 order, Plaintiff shall file an amended motion for entry of default judgment in compliance with
3 this order.

IT IS SO ORDERED.

Dated: __**March 22, 2017**__                    _____
                                                 UNITED STATES MAGISTRATE JUDGE