# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>       Plaintiff,<br><br>   v.<br><br>SHAFIQ S. LAKHANI, AS TRUSTEE OF THE LAKHANI FAMILY TRUST U/D/T OCTOBER 22, 2009, dba IVANHOE MINI MART, et al.,<br><br>       Defendants. | Case No. 1:17-cv-00056-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT<br><br>(ECF Nos. 10, 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff's amended motion for default judgement. Defendants have not filed an opposition to the motion and the time do so has expired.

Oral argument on Plaintiff's motion was set for April 26, 2017. Counsel Zachary Best appeared telephonically for Plaintiff. Defendants did not appear at the hearing.

## I.

## BACKGROUND

Plaintiff is substantially limited in his ability to walk and must use a cane or wheelchair for mobility. (Compl. ¶ 8, ECF No. 1.) On or about July 16, 2016, Plaintiff went to Ivanhoe Mini Mart in Ivanhoe, California ("the facility") where there was a narrow, raised walkway in front of the store entrance, with no ramp provided, and he was forced to wheel over the curb and

then struggled to open the door while his wheelchair was positioned on the narrow walkway; the entry door was heavy, which made it even more difficult for Plaintiff to open without his wheelchair rolling off the narrow walkway outside the door; the aisles inside the store lacked sufficient clear width for Plaintiff's wheelchair to pass through and Plaintiff could not go down most of the aisles in the store, which prevented him from reaching items he wanted to purchase; and the transaction counter and the debit card reader on top of the counter were too high, making them hard for Plaintiff to reach.  (Id. at ¶¶ 1, 10.)  Plaintiff alleges that he will return to the facility once the barriers are removed.  (Id. ¶ 12.)  On January 12, 2017, Plaintiff filed the instant action alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; California's Unruh Act, Cal. Civ. Code §§ 51 et seq.; and the California Health and Safety Code.  (Id. at ¶¶ 16-46.)

On January 19, 2017, Plaintiff served a copy of the summons and complaint on Defendants by leaving the documents with Jose Valencia, the individual who appeared to be in charge, at 15841 Avenue 328, Ivanhoe, California, and the documents were then mailed on January 23, 2017.  (Proofs of Service, ECF Nos. 5, 6.)  Defendants did not respond to the complaint and on March 7, 2017, Plaintiff filed a request for entry of default.  (ECF No. 7.)  On March 8, 2017, the Clerk of the Court entered default against Defendants.  (ECF No. 8.)  On March 21, 2017, Plaintiff filed a motion for default judgment.  (ECF No. 10.)  At the request of the Court, Plaintiff filed an amended motion for entry of default judgment on March 27, 2017. (ECF No. 12.)

## II.

## LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum certain or a sum that can be made certain by computation, a party must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b).  Upon entry of default, the complaint's factual allegations regarding liability are taken as true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).  However, the complaint's factual allegations relating to the amount of damages are not taken as true.

Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

## III.

## DISCUSSION

In the current application, Plaintiff seeks default judgment and requests monetary damages, injunctive relief, and attorney fees.

### A.    Jurisdiction

1.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff brings this action alleging violations of the ADA, 42 U.S.C. §§ 12101 et seq. Therefore, the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for the ADA claims. In addition, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's related state law claims under the Unruh Act and the California Health and Safety Code.

2.     Service of Process

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for the manner of service on an individual. Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2).

Section 415.20 of the California Code of Civil Procedure permits service by leaving the summons and complaint at the usual place of business in the presence of a person apparently in charge who is informed of the contents of the summons and thereafter mailing a copy of the summons and of the complaint to the defendant at that same place the summons and complaint were left. Cal. Civ. Proc. Code § 415.20.

On January 19, 2017, Plaintiff served a copy of the summons and complaint on Defendants by leaving the documents with the person apparently in charge at their business address during regular business hours and informing the person of the general nature of the papers. (ECF Nos. 5, 6.) Plaintiff's counsel determined that Defendants' business address was the facility itself. (March 24, 2017 Declaration of Zachary Best ("Best Decl.") at ¶ 15.) Prior to effectuating substituted service, service was attempted on January 17, 2017, and January 18,

2017.  (ECF Nos. 5, 6.)  Plaintiff then mailed the service documents on January 23, 2017, to the address where the summons and complaint were left.

Therefore, the Court finds that service of process on Defendants was proper under California law.

**B.     The Eitel Factors Weigh in Favor of Default Judgment**

As discussed below, consideration of the Eitel factors weighs in favor of granting default judgment in this instance.

      1.     Possibility of Prejudice to Plaintiff

The first factor weighs in favor of entry of default judgment.  If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action unless Defendants appear.  Defendants may never appear in the action.  Therefore, this factor weighs in favor of granting default judgment.

      2.     The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself.  In doing so, the court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought.  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

      a.     **Americans with Disabilities Act**

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.' " Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).  As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481

F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).  "To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive-In Restaurant, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000).  A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party.  Molski, 481 F.3d at 730.

Plaintiff alleges that he requires the use of a must use a cane or wheelchair for mobility.  (Compl. ¶ 8.)  Plaintiff has alleged facts to plead that he is "physically disabled" as defined by applicable California and federal law.  (Id.)  The facility is a public accommodation facility which is open to the public, intended for non-residential use, and its operation affects commerce.  (Id. ¶ 9.)  Further, Plaintiff alleges that Defendants own, operate, and/or lease the facility and have sufficient control and authority to modify the facility to remove impediments to wheelchair access.  (Id. ¶¶ 7, 14.)

Plaintiff visited the property on July 16, 2016, and allegedly there was a narrow, raised walkway in front of the store entrance, with no ramp provided, and he was forced to wheel over the curb and then struggled to open the door while his wheelchair was positioned on the narrow walkway; the entry door was heavy, which made it even more difficult for Plaintiff to open without his wheelchair rolling off the narrow walkway outside the door; the aisles inside the store lacked sufficient clear width for Plaintiff's wheelchair to pass through and Plaintiff could not go down most of the aisles in the store, which prevented him from reaching items he wanted to purchase; and the transaction counter and the debit card reader on top of the counter were too high, making them hard for Plaintiff to reach.  (Id. ¶ 10.)  Plaintiff alleges that these barriers deter Plaintiff from visiting Defendants' business and that he will return to the facility once the barriers are removed.  (Id. ¶ 12.)  Plaintiff alleges that these barriers can be removed without much difficulty or expense and Defendant has refused to remove the barriers when it was readily achievable to do so.  (Id. ¶ 21.)  In the alternative, Plaintiff alleges that Defendants failed to make the required services available through alternative methods, which are readily achievable.  (Id. ¶

22.) These allegations are taken as true due to Defendants' default, and Plaintiff has met his burden of stating a prima facie claim for discrimination under Title III. Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

### b. Unruh Act

Plaintiff also brings a state law claim for violation of the Unruh Act. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that no business shall discriminate against any person due to disability. Cal. Civ. Code § 51.5(a). A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. Molski, 481 F.3d at 731.

As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

### c. California Health and Safety Code

Plaintiff brings a claim for violation of the California Health and Safety Code. The California Health and Safety Code requires that all public accommodations constructed in California adhere to the requirements of Government Code § 4450. Cal. Health & Safety Code § 19955(a). Government Code § 4450(a) provides that "all buildings, structures, sidewalks, curbs, and related facilities . . . shall be accessible to and usable by persons with disabilities." The California Health and Safety Code also provides that "[e]very existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation." Cal. Health & Safety Code § 19959.

In his complaint, Plaintiff incorporates the factual allegations and states that "the [f]acility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the

[f]acility was not exempt under Health and Safety Code § 19956." (Compl. at ¶ 45.) Although Plaintiff's pleading is largely boilerplate, the Court finds this claim is sufficiently pled for the purpose of default judgment as it is sufficient to support the relief requested.

Finally, liability for violations of the ADA applies to the landlord and operator of the public accommodation. Botosan v. Paul McNally Realty, 216 F.3d 827, 832-833 (9th Cir. 2000). In this instance, Plaintiff has pled that "Defendants own, operate, and/or lease the [f]acility." (Compl. at ¶ 7.) As pled, the complaint is sufficient to allege liability. Plaintiff's complaint has sufficiently stated a cause of action for violations of the ADA, Unruh Act, and California Health and Safety Code and the allegations appear to have merit. Accordingly, these factors weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. G & G Closed Circuit Events, LLC v. Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this action, Plaintiff is seeking statutory damages of $4,000, attorney fees in the amount of $3,743.80, and costs in the amount of $534.80. This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint. This factor weighs in favor of granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

In this action, Plaintiff has filed a well-pleaded complaint including the elements necessary to prevail on the claims raised in this action. The Clerk of the Court has entered default and therefore, the factual allegations in the complaint are taken as true. There is no likelihood that there are genuine issues of material fact in dispute in this action. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Defendants have failed to file a responsive pleading, or oppose the motion for default judgment. Almost three months have passed since Plaintiff served the complaint in this action.

Additionally, it has been over a month since the Clerk entered default against Defendants. Defendants have been provided with five[1] notices regarding this action and given the amount of time that has passed without Defendants responding, the possibility that the failure to respond is due to excusable neglect is remote. This factor weighs in favor of granting default judgment.

6.     The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Whenever possible cases should be decided on the merits, however, the failure by defendants to answer the complaint "makes a decision on the merits impractical if not impossible." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). In this instance, the factors favoring default judgment outweigh the policy favoring a decision on the merits.

**C.    Relief**

1.    Equitable Relief

Plaintiff seeks injunctive relief under the ADA for the violations alleged in the complaint. Plaintiff seeks an injunction requiring the removal of all architectural barriers to Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" by the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants to ensure that there is a properly configured accessible route of travel from the designated accessible parking to the store entrance, and that the exterior landing area, entrance door, routes of travel in the public areas on the interior of the facility, and the transaction counter are compliant with applicable law as set forth in the ADA and Unruh Act.

---

[1] Defendants were served with the summons, the motion for default judgment, and the amended motion for default judgment. Further, on February 24, 2017, Plaintiff's counsel's paralegal wrote to Defendants at the facility requesting that they contact Plaintiff's counsel's office immediately in order to avoid entry of default. (ECF No. 12-2 at ¶ 17.) On March 9, 2017, Plaintiff's counsel's paralegal again wrote to Defendants at the facility, forwarding them a copy of the entered clerk's default, and requesting that they contact Plaintiff's counsel's office prior to Plaintiff bringing a motion for default judgment. (ECF No. 12-2 at ¶ 18.)

2.    Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the California statutes.  The Unruh Act provides for minimum statutory damages of $4,000 for each violation.  Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005).  Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

3.    Attorney Fees

Plaintiff is requesting attorney fees and costs of $3,743.80 in this action.  Pursuant to 42 U.S.C. § 12205, the party that prevails on a claim brought under the ADA may recover reasonable attorney fees and cost at the discretion of the Court.  "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee."  Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted).  The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts.  First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  See D'Emanuele [v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990)]; Hensley [v. Eckerhart, 461 U.S. 424,] 461 (1983).  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  See Hensley, 461 U.S. at 433.  A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary."  Id. at 434.  Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] See Blum v. Stenson, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); Hensley, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (quoting Blum, 465 U.S. at 898-901); Blum, 465 U.S. at 897; D'Emanuele, 904 F.2d at 1384, 1386; Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in

performing the work.  <u>Antoninetti</u>, 643 F.3d at 1176.  The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award.  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992).  The lodestar amount is to be determined based upon the prevailing market rate in the relevant community.  <u>Blum</u>, 465 U.S. at 896.

The Court notes that Title III ADA cases are not overly complex and involve mainly boilerplate filings.  The Court is aware of the high volume of cases that Plaintiff's counsel's law firm has filed in this district.  The cases involve nearly identical pleadings and similar issues. The Court finds that some of the time which was spent on this case is excessive in light of counsel's experience, the straightforward nature of this action, and the fact that there are no unique factual or legal issues involved here.  Additionally, as discussed below, the Court finds the hourly rate sought for Mr. Best is excessive.

### a. Tanya Moore's rate and time expended

Plaintiff seeks $300 per hour for 3.30 hours of work performed by Tanya Moore, an attorney, for a total of $990.  Plaintiff represents that Ms. Moore specializes in representing plaintiffs in disability actions, and has significant expertise litigating ADA actions such as this one. (ECF No. 12-4 at ¶ 2.) Ms. Moore states that she has filed and successfully prosecuted close to 1,000 civil rights actions, and that she has been practicing law for over 16 years, of which over 8 years have been spent specializing almost exclusively in disability access litigation.  (<u>Id.</u> at ¶¶ 2-3.)  Ms. Moore also states that while her standard billing rate is $400 per hour, she has reduced her rate for the purposes of the instant motion to $300 per hour.  (Id. ¶ 4.)

Plaintiff has not submitted declarations or other objective evidence in support of this claimed market rate, but instead has chosen to rely on the fact that $300 per hour has been found reasonable for Ms. Moore's work in several disability rights actions brought in the Fresno Division of the Eastern District of California.  Plaintiff also relies on an opinion surveying the prevailing rates in this district.  <u>See</u> <u>Silvester v. Harris</u>, No. 1:11-cv-02137-AWI-SAB, 2014 WL 7239371, *4 (E.D. Dec. 17, 2014).

The Court recognizes that courts in this district have awarded different hourly rates to

Ms. Moore on her attorney fee requests.  See Moore v. Millennium Acquisitions, LLC, et al., 1:14-cv-01402-DAD-SAB, 2017 WL 1079753, *3 (E.D. Cal. Mar. 21, 2017); Moore v. Chase, Inc., No. 1:14-cv-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016); Trujillo v. Ali, No. 1:16-cv-00694-LJO-SKO, 2016 WL 6902313, at *7 (E.D. Cal. Nov. 23, 2016).  Recently, Chief Judge Lawrence J. O'Neill found Ms. Moore's requested $300 per hour to be reasonable. Trujillo v. Singh, et al., 1:16-cv-01640-LJO-EPG, ECF No. 20 (E.D. Cal. May 8, 2017).  As the undersigned has previously found $300 to be a reasonable hourly rate for Ms. Moore, and based upon Chief Judge O'Neill's finding in Trujillo v. Singh, et al., the Court finds that Ms. Moore's requested hourly rate of $300 is reasonable.  Id.; Escobedo v. SJZ Shields, LLC, 1:15-cv-00765-GEB-SAB, 2015 WL 6123531, *6 (E.D. Cal. Oct. 16, 2015); Moore v. E-Z-N-Quick, 1:13-cv-01522-LJO-SAB, 2014 WL 1665034, *6 (E.D. Cal. Apr. 24, 2014).

Ms. Moore states that she has spent 3.3 hours on this matter.  While Ms. Moore is entitled to bill for the time spent reviewing the documents prepared by her staff, the Court finds the amount of time billed to be unreasonable given her experience and the allegations in this action. Additionally, some of these services are duplicative and therefore shall be denied.

The Court notes that the complaint and motions filed in this action are boilerplate and the time counsel spent reviewing such boilerplate filings is excessive.  Ms. Moore states that she spent 1.2 hours on January 12, 2017, in reviewing the complaint drafted by Ms. Law and reviewing evidentiary support and research.  (ECF No. 12-5 at 2.)  Additionally, Ms. Law spent .5 hours on January 12, 2017, preparing the draft complaint.  (ECF No. 12-7 at 2.)  Further, Mr. Best spent .2 hours on January 12, 2017, reviewing the complaint.  (ECF No. 12-3 at 2.)  Based upon the Court's familiarity with the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form complaint and is substantially similar to dozens of other actions filed in this district.  The time billed is excessive and duplicative and .5 hours would be a reasonable amount of time for Ms. Moore to spend on preparing, researching, reviewing, and drafting the complaint in this action.  See Hensley, 461 U.S. at 433–34 (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary). Therefore, the Court deducts .7 hours for work related to the review and drafting of the

complaint.

Ms. Moore spent 1.2 hours on work relating to the motion for default judgment. On March 7, 2017, Ms. Moore spent .6 hours reviewing documents and communications in the file in preparation for the motion for default judgment. (ECF No. 12-5 at 2.) On March 7, 2017, Ms. Moore spent .1 hours reviewing the file to ensure the last date to file the motion for default was properly calendared. (Id.) On March 20, 2017, Ms. Moore spent .5 hours coordinating the preparation of the motion for default judgment and reviewing the file regarding fees and costs. (Id.) The motion for default judgment filed in this action is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. Therefore, the Court reduces the time for Ms. Moore's March 7, 2017 and March 20, 2017 work on the motion for default judgment to a total of 1 hour for a deduction of .2 hours.

Accordingly, the Court deducts .9 hours from Ms. Moore's time, reducing the number of hours reasonably expended by Ms. Moore from 3.3 hours to 2.4 hours.

The Court recommends that Plaintiff be reimbursed for 2.4 hours at $300 per hour for a total of $720 for the services of Ms. Moore in this action.

### b. Zachary Best's rate and time expended

Plaintiff seeks $350 per hour for 2 hours of work performed by Zachary Best, an attorney, for a total of $700. Mr. Best states that he has been a practicing attorney for 24 years, primarily representing plaintiffs and defendants in civil rights actions. (ECF No. 12-2 at ¶ 4.) He states that for the first 12 years of his career he handled plaintiff's employment civil rights cases. (Id. at ¶ 5.) For the last 12 years, he has focused almost exclusively on ADA cases, representing both plaintiffs and defendants in hundreds of actions. (Id. at ¶ 7.) Mr. Best also states that while his current hourly billable rate is $495, he is seeking only $350 per hour for his work in the instant motion. (Id. at ¶ 8.)

Plaintiff has not submitted declarations or other objective evidence in support of this claimed market rate, but has chosen to rely upon several cases where Ms. Moore has been awarded $300 per hour as well as an opinion surveying the prevailing rates in this district, Silvester, 2014 WL 7239371, *4. In Silvester, United States District Judge Anthony W. Ishii

found that the current (December 2014) reasonably hourly rates for attorneys in the Fresno Division were between $175 and $380 depending on the attorney's experience and expertise. Silvester, 2014 WL 7239371, *4. Judge Ishii also found that the upper range for attorneys with 10 years or less experience was $300. Id.

The Court notes that Mr. Best has more experience than Ms. Moore, but only half of Mr. Best's experience is in representing plaintiffs and defendants in ADA cases. While $380 has been found to be a reasonable hourly rate for attorneys in the Fresno Division, Plaintiff has not shown that $350 is reasonable for an attorney with Mr. Best's experience working on an ADA action in the Fresno Division. Therefore, the Court finds that Plaintiff has not presented satisfactory evidence that Mr. Best's requested rate of $350 per hour is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 980 (9th Cir. 2008) (quoting Blum, 465 U.S. at 895 n. 11). When the Court considers the nature of this case, the volume of the cases and the level of skill to prosecute such cases, Mr. Best's experience, and the rate determinations in other cases in the Fresno Division, the Court finds that $300 is a reasonable hourly rate for Mr. Best's time expended in this action.

After analyzing the billing entries and time records submitted by Mr. Best, the Court finds some of the time billed to be unreasonable. Several of Mr. Best's billing entries relate to tasks that should not have taken that much time to complete. Mr. Best billed .1 hours on February 3, 2017, to review the summons returned executed and .1 hours on March 8, 2017, for review of the Clerk's entry of default. (ECF No. 12-3 at 2.) The Court finds that these are excessive or are clerical tasks that should not be billed at an attorney rate, and the resulting .2 hours will be reduced from the award amount.

Regarding the amended motion for entry of default judgment, Mr. Best requests .1 hours for reviewing the Court's order re filing an amended motion for default and .2 hours for reviewing the amended motion for default and conferring with Ms. Law on March 24, 2017. (Id.) On March 22, 2017, the Court issued an order requiring Plaintiff to file an amended motion for entry of default judgment because the first motion for entry of default judgment did not

1  address all areas which the Court needs to consider in determining if default judgment should be

2  entered.  (ECF No. 11.)  Mr. Best only had to expend the .3 hours reviewing the Court's order

3  and reviewing the amended motion for default because of Plaintiff's initial motion did not

4  address the areas necessary for a default judgment.  Therefore, the time spent reviewing the

5  Court's March 22, 2017 order and reviewing the amended motion for default judgment should

6  not be compensable as that work would not have been necessary if Plaintiff had filed a motion

7  for default judgment addressing the necessary requirements originally.  Thus, the Court deducts

8  .3 hours from Mr. Best's requested amount.

9       Accordingly, the Court deducts .5 hours from Mr. Best's requested amount.  The Court

10  finds that 1.5 hours is a reasonable amount of hours for the work performed by Mr. Best in this

11  action.

12       The Court recommends that Plaintiff be reimbursed for 1.5 hours at $300 per hour for a

13  total of $450 for the services of Mr. Best in this action.

14       **c.      Whitney Law's rate and time expended**

15       Plaintiff seeks $115 per hour for 12.3 hours expended in this matter by Whitney Law, a

16  paralegal, for a total of $1,414.50.

17       The Court finds that Ms. Law's requested rate of $115 per hour is reasonable.  See Moore

18  v. Millennium Acquisitions, LLC, et al., 2017 WL 1079753, *3; Trujillo v. Singh, et al., 1:16-cv-

19  01640-LJO-EPG, ECF No. 20.

20       Ms. Law billed 4.9 hours in preparing the initial motion for default judgment in this

21  action on March 16, 2017, March 17, 2017, and March 21, 2017.  (ECF No. 12-7 at 2-3.)  Given

22  that the motion for default judgment is basically a form document which only requires several

23  sections to be updated for the facts of the current action, the Court finds that this amount of time

24  was excessive.  However, the Court did require Plaintiff to file an amended motion to address the

25  specific requirements of a motion for summary judgment.  Ms. Law billed 4.7 hours for the

26  amended motion for summary judgment.  The Court finds that 4.9 hours is a reasonable amount

27  of time for completing the original motion for summary judgment and amended motion for

28  summary judgment.  Thus, the Court shall deduct 4.7 hours from Ms. Law's requested amount.

The Court finds that 7.6 hours is a reasonable amount of time for Ms. Law's work in this action.

Accordingly, it is recommended that Plaintiff be reimbursed for 7.6 hours at $115 per hour for a total of $874 for the services of Ms. Law in this action.

**d.     David Guthrie's rate and time expended**

Plaintiff seeks $95 per hour for 1.1 hours expended in this matter by David Guthrie, a paralegal, for a total of $104.50.

The Court finds that Mr. Guthrie's requested hourly rate of $95 per hour is reasonable. See Escobedo v. SJZ Shields, 2015 WL 6123531, *7; Trujillo v. Singh, et al., 1:16-cv-01640-LJO-EPG, ECF No. 20.

However, review of the billing records of Mr. Guthrie reveals that many of the tasks he provided in this action were clerical in nature.  In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989).  Therefore, Mr. Guthrie's hours shall be reduced.

On January 30, 2017, Mr. Guthrie billed .3 hours for receiving the proof of service, reviewing for accuracy, and updating tasks.  (ECF No. 12-9 at 2.)  On February 2, 2017, Mr. Guthrie billed .2 hours to file proofs of service via CAED ECF and calendar the date that the answer was due.  (Id.)  The Court finds that these are clerical tasks and should not be reimbursed at a paralegal rate.

The Court shall reduce Mr. Guthrie's hours by .5, and therefore, the Court finds that .6 hours is a reasonable number of hours for the services of Mr. Guthrie in this action.

Accordingly, it is recommended that Plaintiff be reimbursed for .6 hours at $95 per hour for a total of $57 for the services of Mr. Guthrie in this action.

**e.     Conclusion**

Based on the foregoing, the Court recommends that Plaintiff be reimbursed a total of $2,101 ($720 for the services of Ms. Moore; $450 for the services of Mr. Best; $874 for the services of Mr. Law; and $57 for the services of Mr. Guthrie) for attorney fees in this action.

4. Costs

Plaintiff seeks costs of $534.80 in this action. Section 12205 of the ADA, provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney fee, including litigation expenses, and costs." 42 U.S.C.A. § 12205. The costs here include expenses for the court filing fee and costs of service, which are compensable pursuant to 42 U.S.C. § 12205.

The Court has reviewed the documentation provided in support of the request for costs and finds that the costs are reasonable. Accordingly, Plaintiff should be awarded costs of $534.80 in this matter.

## IV.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended motion for entry of default judgment should be granted in part;

2. Judgment should be entered in Plaintiff's favor and against Defendants Shafiq S. Lakhani, as Trustee of the Lakhani Family Trust u/d/t October 22, 2009, and dba Ivanhoe Mini Mart; and Karima Lakhani, as Trustee of the Lakhani Family Trust u/d/t October 22, 2009, and dba Ivanhoe Mini Mart;

3. Defendants Shafiq S. Lakhani, as Trustee of the Lakhani Family Trust u/d/t October 22, 2009, and dba Ivanhoe Mini Mart; and Karima Lakhani, as Trustee of the Lakhani Family Trust u/d/t October 22, 2009, and dba Ivanhoe Mini Mart be found and declared to be in violation of Title III of the Americans with Disabilities Act;

4. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000 payable by Defendant to the Mission Law Firm, A.P.C. Trust Account, and delivered to the Mission Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112;

5. Plaintiff be awarded reasonable attorney fees and costs in the amount of

1  $2,635.80 payable by Defendants to the Mission Law Firm, A.P.C. Trust

2  Account, and delivered to the Mission Law Firm, A.P.C., 332 North Second

3  Street, San Jose, California 95112; and

4  6.  Defendants be ordered to make the following modifications to the property known

5  as Ivanhoe Mini Mart, located at 15841 Avenue 328 in Ivanhoe, California, such

6  that each item is brought into compliance with the accessibility requirements of

7  the Americans with Disabilities Act and California Code of Regulations, Title 24,

8  as follows:

9  a)  A properly configured accessible route of travel from the designated accessible

10  parking to the store entrance shall be provided.  Such accessible route shall

11  include a properly configured curb ramp if the route crosses a curb;

12  b)  An exterior landing extending the full width of the doorway, measuring at least 48

13  inches perpendicular to the door, and containing no slopes greater than 1:48, shall

14  be provided at the store entrance;

15  c)  The store entrance door shall be properly adjusted and maintained such that it

16  requires no more than five pounds of pressure to operate;

17  d)  Clear width of the routes of travel through all public areas on the interior of the

18  Facility shall be provided and maintained as follows: The clear width for aisles

19  shall be 36 inches minimum if serving elements on only one side, and 44 inches

20  minimum if serving elements on both sides.  Where the accessible route makes a

21  180-degree turn around an element which is less than 48 inches wide, clear width

22  shall be 42 inches minimum approaching the turn, 48 inches minimum at the turn,

23  and 42 inches minimum leaving the turn, except where the clear width at the turn

24  is 60 inches minimum; and

25  e)  An accessible portion of the transaction counter that is 36 inches long minimum

26  and 36 inches high maximum above the finish floor shall be provided.

27  These findings and recommendations are submitted to the district judge assigned to this

28  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

(14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 8, 2017**                                      _____

UNITED STATES MAGISTRATE JUDGE